UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON HARTLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1398 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

The matter is before the Court on Anthony Arington, Terri Wingfield, and Ruth Levin's ("Intervenors") Motion for Leave to Receive all Documents Including Documents under Seal (Doc. No. 13), filed February 15, 2008.

On August 3, 2007, Movant filed a Petitioner under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody. (Doc. No. 1). In his § 2255 Petition, Movant asserts that the Court should reduce his sentence because he was raped while at Dismas House, a halfway home. (Id. at p. 4). He further asserts that his conviction is unconstitutional because the prosecutor failed to turn over evidence and because his counsel was ineffective. (Id. at pp. 4-5).

On August 23, 2007, Movant filed a civil action alleging violations of 42 U.S.C. § 1983 against Dismas House and its employees due to his alleged rape. (4:07-cv-1518 (CDP), Doc. No. 1). On February 13, 2008, United States District Judge Catherine Perry entered a case management order requiring Movant to "submit to the defendant all documents that [Movant] believes mention, relate to, or in any way support plaintiff's claim." (Id. at Doc. No. 32). Following this order, Intervenors filed a motion in this § 2255 action to receive documents in order to defend against Movant's civil claims against them.

The Court interprets Intervenors' motion as Motion to Intervene pursuant to Fed. R. Civ. P. 24. Rule 24(a) allows for mandatory intervention when a movant

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Court may permit intervention when a person "has a claim or defense that shares with the main action a common question of law or fact." Id. at 24(b)(1)(B). When determining whether to allow this intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. at 24(b)(3).

Upon consideration, the Court finds that Intervenors have no mandatory right under Rule 24(a) to intervene because their ability to protect their interest is not impaired by the adjudication of Movant's § 2255 Petition. Similarly, the Court will not permit the intervention pursuant to Rule 24(b) because the intervention serves no purpose. Intervention in this case will not expand the scope of information already available to inter7cv1498venors under the terms of Judge Perry's order. Moreover, there are no sealed documents in this case other than Movant's presentencing report, which is entirely irrelevant to Intervenors' defense of his civil claims.

Accordingly,

**IT IS HEREBY ORDERED** that Anthony Arington, Terri Wingfield, and Ruth Levin's Motion for Leave to Receive all Documents Including Documents under Seal (Doc. No. 13) is **DENIED**.

Dated this 3rd day of March, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE