UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON HARTLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1398 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Movant Damon Hartley's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 ("§2255 Motion"), filed on August 3, 2007. (Doc. No. 1). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On February 1, 2006, Movant was charged by indictment with one count of Escape from Custody, in violation of 18 U.S.C. § 751(a). (4:06-cr-77 (JCH) ("Criminal Case"), Indictment, Doc. No. 1). On June 27, 2006, Movant pled guilty to this charge. (Criminal Case, Plea Agreement, Doc. No. 18). On August 18, 2006, the Court sentenced Movant to a term of imprisonment of 15 months. (Criminal Case, Judgment, Doc. No. 21). Movant did not appeal his conviction.

As stated above, Movant filed his § 2255 Motion on August 3, 2007. In his § 2255 Motion, Movant alleges the following three grounds for relief:

1. Newly discovered evidence warrants a reduction in his sentence;

2. The Government failed to disclose favorable evidence to him; and

-1-

3. He received ineffective assistance of counsel because his trial counsel failed to investigate his allegation that he escaped from custody because a halfway house employee was sexually assaulting him.

(§ 2255 Mot., Doc. No. 1 at p. 5). The Government responded on October 29, 2007. (Doc. No. 9). Movant filed his Reply on November 13, 2007. (Doc. No. 10). The Government filed a Supplemental Response on March 13, 2008. (Doc. No. 15).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## DISCUSSION

I. **Newly Discovered Evidence**

In his first claim, Movant alleges that newly discovered evidence of mitigating circumstances warrants a reduction in his sentence. Specifically, Movant alleges that he escaped from federal custody at a halfway house because an employee was sexually assaulting him. The Government responds that Movant forfeited his right to bring this claim in his Plea Agreement. In his Reply, Movant concedes that the Government is correct.

As part of his Plea Agreement, Movant agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Criminal Case, Plea Agreement, Doc. No. 18 at ¶ 2(C)(2)). So long as a waiver is knowingly and voluntarily made, a defendant may waive his right to post-conviction proceedings. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000).

Upon consideration, Movant knowingly and voluntarily waived his right to raise this issue. Nothing in the record indicates that the waiver was involuntary. Rather, his concession of this point shows that the waiver was voluntarily made. As such, Claim One is denied.

## II.    Prosecutorial misconduct

### A.    Brady Violation

Movant alleges that the prosecutor failed to disclose evidence of a halfway house employee sexually assaulting him. In essence, Petitioner is alleging that the Government violated Brady v. Maryland, 373 U.S. 83 (1963).

In Brady, the Supreme Court stated that a defendant is denied due process if the Government suppresses evidence that is material to the defendant's guilt. Id. at 87. In order to establish a violation of Brady, Movant must show that "the Government suppressed evidence, the evidence was favorable to him, and the evidence was material to the issue of guilt." United States v. Nguyen, 526 F.3d 1129,

1135 (8th Cir. 2008). This obligation extends to any exculpatory evidence in its possession or reasonably available to it. United States v. Malone, 49 F.3d 393, 396 n.4 (8th Cir. 1995); see also United States v. Hall, 171 F.3d 1133, 1145 (8th Cir. 1999) (stating the prosecution has no obligation to obtain for a defendant records that it does not already possess).

Upon consideration, Movant cannot show that the Government possessed any records regarding his alleged sexual assault. Rather, the record shows that the Government never had any information about this alleged assault. In a document filed with the Bureau of Prisons ("BOP"), Movant admitted that he did not tell anyone about the alleged sexual assault until after his sentencing. (Supplemental Resp., Doc. No. 15 at Ex. 1 p. 12). In a statement given on May 11, 2006, Movant explained that he escaped from custody because he "couldn't stand the pressure that the staff" put on him. (Resp. at Ex. 2). Victor Vega, a Contract Oversight Specialist with the BOP, also stated that Movant did not inform anyone in the BOP about his alleged assault until April 2007. (Id. at Ex. 3). As such, the Court finds that no Brady violation occurred.

### B. Involuntary Plea

In his Reply, Movant also alleges that the Government coerced him into pleading guilty by threatening to charge him with more crimes if he did not plead guilty to escaping from custody.

To be bound by the provisions of a plea agreement, the decision to enter the agreement must have been knowingly and voluntarily made. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). A plea is not voluntarily made if it is the result of force, threats, or promises. United States v. King, 516 F.3d 702, 704 (8th Cir. 2008). Movant's claims, however, must be evaluated in light of the fact that he entered a guilty plea. Although a guilty plea in open court is not impervious to collateral attack, the rule is that "a defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Pennington v. United

States, 374 F. Supp. 2d 813, 815 (E.D. Mo. 2005). Thus, Movant has a heavy burden to overcome his admissions at the plea hearing and show that his plea was involuntary. Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

> In his Plea Agreement, Movant stipulated that aside from the plea agreement:
>
> [N]o other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. . . .
>
> The defendant acknowledges that the defendant has voluntarily entered into both this plea and these agreements, recommendations and stipulations. The defendant further acknowledges that this guilty plea is made of the defendant's own free will because the defendant is, in fact, guilty of the conduct specified in sections four and five above.

(Plea Agreement at ¶ 11). At his plea hearing, Movant stated that he agreed with everything in the Plea Agreement, that no one had attempted to force him or coerce him into pleading guilty, and that he was pleading guilty of his own free will. (Plea Hearing Tr. at p. 4).

After considering the evidence in the record, the Court finds that Movant's plea was voluntarily made. In his Plea Agreement, he stipulated that he was not coerced into pleading guilty. At his Plea Hearing, he made the same representations under oath. Movant has offered no evidence to counter this evidence. Given the paucity of evidence to support his allegation, Movant has not overcome the heavy burden of showing that his plea was involuntary. Nguyen, 114 F.3d at 703. Claim Two is denied.

### III.    Ineffective Assistance of Counsel

In his final claim, Movant alleges that he received ineffective assistance of counsel because his counsel failed to investigate his claim that he was sexually assaulted by a halfway house employee.

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Upon consideration, Movant cannot show that he received ineffective assistance of counsel. The record shows that counsel was not aware of the alleged assault at the time of his plea and sentencing. His counsel provided an affidavit stating that Movant never informed her of the alleged assault. (Resp, Doc. No. 9 at Ex. 1). Movant admitted in a letter to the Bureau of Prisons that he did not tell anyone about this alleged assault when he pled guilty and was sentenced. (Supplemental Resp., Doc. No. 15 at Ex. 1 p. 12). Conversely, Movant has offered no evidence to support his allegation. Rather, Movant's evidence merely shows that sometime after his sentencing, he informed prison officials of the assault. (Reply, Doc. No. 10).

Even if Movant had told his counsel about the alleged assault, his claim would still fail. A recognized defense to an escape from custody charge is that the escape was the product of duress.

United States v. Uthe, 686 F.2d 636, 636-37 (8th Cir. 1982). In order for this defense to succeed, a defendant must show that there was no "reasonable, legal alternative" to escape and that he made a "bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." United States v. Bailey, 444 U.S. 394, 410, 412-13 (1980). Here, Movant never told anyone about the assaults prior to his escape. (Resp. at Ex. 3). Moreover, he did not surrender himself to the police after escaping. Rather, he eluded capture for approximately five months. (Plea Agreement at ¶ 4). As such, relying on this defense would have been meritless. Counsel is not required to make meritless arguments. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992). Claim Three is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDER** that Petitioner's Motion to Vacate, Set Aside, or correct Sentence under 28 U.S.C.§2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 27th day of June, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE